Rockingham, }
Nov. 6, 1917. }

### ORRIN TUCKER *v.* GERTRUDE F. LOWE.

ACTION, for personal injuries under chapter 163, Laws 1911. Trial by jury and verdict for the plaintiff. The plaintiff was injured while operating a re-saw slab machine for the defendant. At the time of the accident he had been engaged in that work for six weeks. The plaintiff's evidence tended to prove that a slab which was passing through the re-sawing machine clogged the saw and stopped it, that the plaintiff shipped the power off the feed-rolls that carry the slabs to the saw, and then took hold of the slab that was clogging the saw, and disengaged it, that the slab then flew into one of the feed-roll chains, and stuck there, and that the plaintiff hit it with his hand to get it out, and in doing so his fingers were caught between the sprocket and drive-chain of the feed-roll and injured. Other facts are sufficiently stated in the opinion. Subject to exceptions, the defendant's motions for a nonsuit and a directed verdict were denied. Transferred from the May term, 1916, of the superior court, by *Kivel*, J.

*Sleeper, Brown & Frizzell* (*Mr. Sleeper* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendant.

PLUMMER, J. The jury could find from the evidence that when a slab clogged the saw on the re-saw slab machine, the only proper way to clear it was to shut off the power, and stop the saw, and that the operator should not attempt to clear the saw when clogged without shutting off the power, and that the plaintiff when he began work there, was not instructed to have the power shut off, before he cleared the saw, that the first morning the plaintiff went to work a slab clogged and stopped the saw, and the foreman came, and disengaged the clutch that carries the feed-rolls, and then threw the slab off the saw without shutting off the power. It could also be found that the ordinary man with the plaintiff's knowledge and means of knowledge would not have acted differently than he did. These findings that could be made on the evidence warranted the jury in returning a verdict for the plaintiff. That the jury were justified in finding that the defendant was and the plaintiff was not negligent cannot be doubted. The plaintiff was employed upon a

re-saw slab machine that was accustomed to become clogged with slabs. The defendant's overseer stated in evidence that the only proper way to clear the saw was to shut off the power and stop the saw. The plaintiff testified that he was not so instructed, and his testimony leads to the conclusion that so far as he received any instructions it was to clear the saw when it clogged without shutting off the power, because the first time the saw clogged, after he began to work on it, a foreman came along and cleared it in that manner. The defendant argued that the failure to shut off the power and stop the saw did not cause the accident because the plaintiff was not injured in clearing the saw of the slab, but in getting it out of the feed-roll chain. This position is untenable. Although the plaintiff did not receive his injury clearing the saw, still if the power had been shut off, the slab when freed from the saw would not have been driven into the feed-roll chain, and the accident would not have happened. The failure to shut off the power could be found to be the proximate cause of the accident.

*Exceptions overruled.*

All concurred.